FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 23 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01647-BNB

GUILLERMO SANTIAGO,

Applicant,

v.

SARA M. REVELL, Warden, USP - Florence,

Respondent.

## ORDER OF DISMISSAL

Applicant, Guillermo Santiago, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Santiago initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On August 15, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On September 18, 2008, after being granted an extension of time, Respondent filed a preliminary response. Applicant has not filed a reply, despite being provided the opportunity to do so.

The Court must construe Mr. Santiago's application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

On August 18, 2003, Mr. Santiago pleaded guilty in case number 03-cr-00492-WH-1 to drug-related charges in the United States District Court for the Southern District of New York. He was sentenced on December 14, 2006. Mr. Santiago alleges that the sentencing court ordered that he receive prior custody credit pursuant to 18 U.S.C. § 3585(b) from July 25, 2002, to February 20, 2003, but that the BOP is denying him this credit in violation of his due process rights. He further alleges that the sentencing court specifically found that during this time, he had been in official custody as a result of the offenses for which his sentence was imposed, and that the period of time from July 25, 2002, to February 20, 2003, had not been credited against another sentence.

Respondent argues that Mr. Santiago has failed to exhaust BOP administrative remedies before seeking federal court intervention. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Santiago. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. The informal resolution is known as a BP-8 and the three steps to a formal complaint are known as a BP-9, BP-10, and BP-11.

Respondent points out that on July 31, 2008, in denying Applicant's BP-9, the acting warden informed Mr. Santiago that the sentencing court issued a recommendation, not an order, regarding the prior custody credit. Respondent further points out that the acting warden also informed Applicant that his sentence computation had been sent to the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, which is responsible for the sentence computations of all federal inmates, for clarification regarding the time he spent in the custody of the state of New York, and that the BOP was awaiting the DSCC's response.

Applicant filed a regional administrative remedy appeal, i.e., a BP-10, alleging that the sentencing court found that the time he was in custody from July 25, 2002, to February 20, 2003, had not been credited toward any other sentence, and asking to receive this credit. On August 26, 2008, the acting regional director informed Applicant that the requested credit was precluded by 18 U.S.C. § 3585(b) but that his request had been forwarded to the DSCC for review and determination. The acting regional director

further informed Applicant that he must continue the administrative remedy process in order to be advised of the DSCC's determination. Based upon the information then available, the BP-10 was denied on August 26, 2008. To date, no BP-11 has been filed regarding Applicant's request for prior custody credit.

Following the BP-10's denial, the DSCC finalized its review of Applicant's sentence computation, the New York state charges, and the sentencing court's recommendation, and determined that Applicant was entitled to the proper custody credit as recommended by the sentencing court. As a result, the DSCC recalculated Applicant's sentence, granted him the prior custody credit at issue, and, on September 4, 2008, updated Applicant's sentence to reflect the prior custody credit. Mr. Santiago has a new projected release date, via good-conduct-time release, of July 18, 2009. Had Applicant filed a BP-11 as directed in the response to his BP-10, he most likely would have been informed of this determination, and the filing of the instant action would have been unnecessary.

In any case, the instant application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Respondent also argues that the instant action appears to be moot because the DSCC recalculated Applicant's sentence on September 4, 2008, granting him the credit he sought. This Court need not address the issue of mootness because that argument goes beyond the scope of the August 15, 2008, order for a preliminary response. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 19 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01647-BNB

Guillermo Santiago
Reg. No. 54747-054
USP - Florence
PO Box 7000
Florence, CO 81226

Paul Farley
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk